IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EMILY ROBERTS | Criminal No. 2:26-cr-192 |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and William B. Guappone, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. THE INFORMATION

A one-count information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Bank Fraud<br>January 2014-February 2026 | 18 U.S.C. § 1344 |

## II. ELEMENTS OF THE OFFENSE

### A. As to Count 1:

In order for the crime of bank fraud, in violation of 18 U.S.C. § 1344, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That EMILY ROBERTS knowingly executed a scheme to defraud PNC Bank, or knowingly executed a scheme to obtain the money, funds, or other property owned by or

under the control of PNC Bank, by means of materially false or fraudulent pretenses, representations, or promises, as detailed in Count 1 of the Information;

2. That EMILY ROBERTS did so with the intent to defraud PNC Bank; and

3. That PNC Bank was then insured by the Federal Deposit Insurance Corporation.

## III. PENALTIES

**A. As to Count 1: Bank Fraud (18 U.S.C. § 1344 ):**

1. Imprisonment for not more than thirty (30) years;

2. A fine of not more than the greater of $1,000,000, twice the gross pecuniary gain, or twice the pecuniary loss to any person other than the defendant; and

3. A term of supervised release of not more than five (5) years).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/ William B. Guappone*
WILLIAM B. GUAPPONE
Assistant U.S. Attorney
NC ID No. 46075